**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**Joseph John MCDERMOTT,**
**Defendant–Appellant.**

No. 02–41020.
**Summary Calendar**

United States Court of Appeals,
Fifth Circuit.

Oct. 8, 2003.

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM.*

Joseph John McDermott (McDermott) appeals his conviction for possession of child pornography in violation of 18 U.S.C.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§§ 2252A(a)(5)(B) and 2. He argues that the Supreme Court's decision in *Ashcroft v. Free Speech Coalition,* 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002), which invalidated two of the definitions of "child pornography" applicable to the statute under which he was indicted and convicted, rendered his indictment insufficient and his guilty plea invalid.

The record does not establish whether actual children were depicted in the child pornography possessed by McDermott. McDermott has shown that his guilty plea was invalid because it was not knowing, intelligent, and voluntary and the factual basis for the plea was inadequate. *See United States v. Gobert,* 139 F.3d 436, 439 (5th Cir.1998); *United States v. Briggs,* 939 F.2d 222, 227 (5th Cir.1991).

Accordingly, we VACATE the district court's judgment and REMAND for further proceedings consistent with the Supreme Court's decision in *Ashcroft v. Free Speech Coalition,* 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002).[1]

VACATED AND REMANDED.

---

1. In addition, in the event McDermott is convicted and sentenced after remand, the district court shall impose special conditions of supervised release, if any, in conformity with our decisions in *United States v. Vega,* 332 F.3d 849, 853 and n. 8 (5th Cir.2003), and *United States v. Martinez,* 250 F.3d 941, 942 (5th Cir.2001).